UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL A. PEAVY,
    Plaintiff,

vs.                                                   Case No.: 3:20cv5732/LAC/EMT

CORPORATION OF THE UNITED
OF AMERICA, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Michael A. Peavy (Peavy), an inmate of the Escambia County Jail (Jail) proceeding pro se and in forma pauperis (IFP), commenced this civil rights action by filing a complaint (ECF No. 1). He subsequently filed an Amended Complaint (ECF No. 13).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b). Upon review of the Amended Complaint, the undersigned concludes that this case should be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

I.    STATUTORY SCREENING STANDARD

The federal IFP statute and 28 U.S.C. § 1915A mandate that the district court dismiss an action filed by a prisoner proceeding IFP if the court determines that the

action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). The court must construe a pro se plaintiff's allegations liberally. *Haines v. Kerner*, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citation omitted); *see also Neitzke v. William*, 490 U.S. 319, 325 (1989) (The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (noting that a case is frivolous when it appears the plaintiff has little or no chance of success) (quotation marks and citation omitted).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a plaintiff cannot rely on "naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and alteration omitted); *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

II.   PEAVY'S ALLEGATIONS AND CLAIMS

Peavy names sixteen Defendants in this case, including the United States of America, the Secretary of the United States Treasury, four state court judges (Judges

Kuder, Terrell, Boles, and Bergosh), a state prosecutor (Pam Anderson), a public defender (Ronald Davis), the Florida Department of Corrections, the Pensacola Police Department, the Pensacola Code Enforcement department/office, the Escambia County Sheriff's Office, John Ralls (Peavy's previous landlord), the Morgan and Morgan law firm, and an attorney and secretary at the law firm (John Minchin and Morgin Skyhawk) (*id.* at 1–4).[1]

Peavy's factual allegations are largely incomprehensible (*see* ECF No. 13 at 7–8). From what the court can discern, Peavy alleges that on October 10, 1995, the Pensacola Police Department falsely accused him of a sex crime (*id.* at 7). Peavy alleges Judge Kuder sentenced him to over ten years in prison (*id.*). Peavy alleges the state prosecutor and public defender withheld evidence in the case (*id.*). Peavy alleges Judge Boles sentenced him to five years in prison (*id.*). He alleges Judge Bergosh sentenced him "on an out of jurisdiction (sex offender registry) 'form of probation.'" Peavy alleges the Escambia County Sheriff's Office "had rewritten sex crime report to fullfil [sic] their jurisdiction to fit their laws" (*id.*). Peavy alleges the Florida Department of Corrections "rewrote" his time in prison to prolong his incarceration (*id.*). Peavy alleges the Pensacola Code Enforcement

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system.

Case No.:   3:20cv5732/LAC/EMT

department/office worked with the Sheriff's Office to destroy his property (*id.*). Peavy alleges John Ralls (Peavy's former landlord) stole his property on February 18, 2019 (*id.*). Peavy alleges the Morgan and Morgan law firm "supports Sheriff Morgan after hiring them for a car incident" (*id.* at 7–8). Peavy alleges the U.S. Treasury Secretary "has held my bonds of my Social Security card" (*id.* at 7). Peavy also alleges Defendants engaged in this conduct despite their knowledge that Peavy was "sovereign and indigenous" (*id.* at 7).

> Peavy asserts the following claims:
>
> All above Defendants has Failed To Recognize Plaintiff Mikhail Iman Mustaqim Al-Quadi: Michael Andre Peavy; as an Sovereign Moor and Indigenous Choctaw (Personam) Original Native of Florida and Domain—and has violated 18 U.S.C. § 241–242 (Under the Color of Law) Deprivation of Fundamental Rights and Deprivation of One's Fundamental Rights is a crime. For Florida's sexual registry.

(ECF No. 13 at 10) (verbatim). Peavy seeks injunctive relief in the form of recognition as a "Sovereign Indigenous Moor" and criminal prosecution of all Defendants (*id.*). He also seeks monetary damages (*id.*).

III.    DISCUSSION

Provisions of criminal law, such as 18 U.S.C. § § 241–242 do not provide a civil cause of action or any civil remedies. *See Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 may be disregarded in this suit.

They are criminal in nature and provide no civil remedies");[2] *see also, Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (noting that only the United States as prosecutor may bring a complaint under 18 U.S.C. §§ 241–242); *see also, e.g., Laster v. CareConnect Health Inc.*, No. 20-14726, 2021 WL 1546098, at *2 (11th Cir. Apr. 20, 2021) (holding that plaintiff could not rely on 18 U.S.C. §§ 241, 245, and 246 because those sections pertain to criminal law and do not provide a civil cause of action or any civil remedies); *Paletti v. Yellow Jacket Marina, Inc.*, 395 F. App'x 549, 552 n.3 (11th Cir. 2010) (unpublished) (holding that 18 U.S.C. §§ 241 and 242 are criminal statutes that do not provide a private right of action); *Asad v. Bush*, 170 F. App'x 668, 673 (11th Cir. 2006) (unpublished) (private citizen lacks standing to maintain criminal action). Peavy's claims under federal criminal statutes are frivolous and thus should be dismissed.

Peavy's claim that Defendants have failed to recognize him as a "Sovereign Moor and Indigenous Choctaw (Personam) Original Native of Florida and Domain" has no legal basis. Peavy has not identified any provision of the federal Constitution or federal statutes that provides a right to such recognition. Therefore,

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.

this claim should be dismissed for failure to state a claim on which relief may be granted.[3]

Moreover, Peavy's claims for monetary damages against Defendants are either barred by a doctrine of immunity or subject to dismissal for failure to state a plausible claim. Defendants John Ralls, Morgan and Morgan, John Minchin, and Mrs. Skyhawk are private actors and thus not subject to suit under § 1983. A private party does not normally act under color of state law and is therefore not subject to suit under § 1983. *See Dennis v. Sparks*, 449 U.S. 24, 27–29 (1980); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). In rare circumstances a private party may be viewed as a "state actor" for § 1983 purposes, *see Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992), but Peavy's facts do not suggest that any of those circumstances are present in this case. Specifically, with respect to the state public defender, it is well established that attorneys employed as public defenders do not act under color of state law when they represent clients. *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *Christian v. Crawford*, 907 F.2d 808, 810 (11th Cir. 1990).

---

[3] To the extent Peavy claims that his status as a "Sovereign Moor" deprived the state court judges of jurisdiction to convict and sentence him, his claims are frivolous. *See Catu v. City of Dothan, Ala.*, 974 F.3d 1217, 1223 n.2 (11th Cir. 2020) (noting that federal courts have summarily rejected as frivolous the legal theory that so-called sovereign citizens are not subject to the jurisdiction of the courts) (citing *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013)).

Case No.: 3:20cv5732/LAC/EMT

Page 8 of 12

Therefore, Peavy may not recover damages under § 1983 against any of the private actor Defendants (John Ralls, Morgan and Morgan, John Minchin, Morgin Skyhawk, and Ronald Davis).

Peavy's claims against the state court judges are barred by the doctrine of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526–27, (1985)); *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Sibley v. Lando*, 437 F.3d 1067, 1071 (11th Cir. 2005). This immunity applies to claims for nominal damages. *See Simmons v. Conger*, 86 F.3d 1080, 1084–85 (11th Cir. 1996). Although immunity may be overcome where the judge has not acted within his or her judicial capacity or where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction, neither of those circumstances is present here.[4] Therefore, Peavy's § 1983 claims against the state judges are barred.

Peavy's § 1983 claims against the state prosecutor are barred by the doctrine of prosecutorial immunity. Prosecutors have absolute immunity when "filing an information without investigation, filing charges without jurisdiction, filing a

---

[4] As discussed *supra*, to the extent Peavy claims that his status as a "Sovereign Moor" deprived the state court judges of jurisdiction to convict and sentence him, his claims are frivolous.

Case No.:   3:20cv5732/LAC/EMT

baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate . . . complaints about the prison system, [and] threatening . . . further criminal prosecutions . . . ." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (quotation marks and citations omitted). Therefore, Peavy's § 1983 claim against the state prosecutor is barred.

The Florida Department of Corrections is entitled to Eleventh Amendment immunity with respect to Peavy's claim for damages under § 1983. The Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment bars a § 1983 plaintiff's claims for monetary damages against the Florida Department of Corrections. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989) (holding that the Eleventh Amendment bars a section 1983 suit against a State and state officials in their official capacities); *McKinley v. Kaplan*, 177 F.3d 1253, 1256 (11th Cir. 1999) (Section 1983 does not create a cause of action for money damages against the States, a State agency, or State officials in their official capacities).

Case No.:   3:20cv5732/LAC/EMT

Peavy's claims for damages against the United States and Treasury Secretary O'Neal are barred by the doctrine of sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994) (sovereign immunity shields the Federal Government, its agencies, and federal employees sued in their official capacities from suit).

This leaves the municipality-related Defendants, the Pensacola Police Department, the Pensacola Code Enforcement department/office, and the Escambia County Sheriff's Office. Under Florida law, departments of a city, like the Pensacola Police Department and the Pensacola Code Enforcement department/office, are not entities subject to suit. *Fla. City Police Dept. v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995). Likewise, sheriff's departments or offices are also not suable entities in Florida. *See Evans v. Monroe Cnty. Sheriff's Dep't*, 148 F. App'x 902, 903 (11th Cir. 2006). On this basis, alone, Peavy's § 1983 claims are subject to dismissal.

Moreover, municipal liability under § 1983 only exists when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that [municipality's] officers." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978); *see also Quinn v. Monroe Cnty.*, 330 F.3d 1320, 1325 (11th Cir. 2003)

(stating that "municipalities may be held liable for the execution of a governmental policy or custom"). To hold the municipality liable, there must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Snow ex rel. Snow v. City of Citronelle, Ala.*, 420 F.3d 1262, 1271 (11th Cir. 2005) (internal quotation marks and citation omitted).

Here, Peavy alleges the Pensacola Police Department falsely accused him of a sex crime, the Sheriff's Office "had rewritten sex crime report to fullfil [sic] their jurisdiction to fit their laws," and the Pensacola Code Enforcement department/office worked with the Sheriff's Office to destroy his property. However, Peavy does not allege any facts suggesting that any alleged constitutional injury he suffered was caused by a policy or custom of the municipalities. For these reasons, Peavy has not stated a plausible claim for relief against any of these entities.

IV. CONCLUSION

Peavy's claims under 18 U.S.C. §§ 241–242 are frivolous. His § 1983 claims are barred by an immunity doctrine or subject to dismissal for failure to state a claim on which relief may be granted. Therefore, this action should be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

Accordingly, it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED with prejudice**, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

2. That the clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this 7th day of June 2021.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**